### CHESHIRE, MAY TERM, 1823.

### DAVID WHITE *vs.* JAMES L. DEMARY *et al.*

Two cannot be made jointly liable for a tort, unless they did the injury jointly.
Where property is bailed to two, a demand on one alone will not subject the other to an action sounding *ex delictu.*
A demand at the house of one is insufficient, unless under such circumstances as to raise a presumption of actual notice to him before the commencement of the action.

THIS was trover for certain articles of personal property, which had been seized by the plaintiff, as a deputy sheriff, and delivered to the defendants, on their giving a receipt engaging to return them on demand. One of the defendants was defaulted, there having been a personal demand on him and a neglect to restore the property. The other defendant pleaded the general issue, and at the trial here in October, A. D. 1822, it did not appear in evidence that any demand had been made on him or any attempt to make one except going to his house once in his absence for the purpose of demanding the property. As the plaintiff did not choose to take judgment against the person defaulted, the court ordered a nonsuit, with leave to move to set it aside.

*L. Chamberlain,* counsel for the plaintiff.

*Walker,* for the defendants.

WOODBURY, J. When an action sounds in tort, and is against more than one person, judgment cannot be had against more than one without evidence of a joint wrong. A separate wrong by each entitles the sufferer to only a separate action against each. 1 *Maule & Selw.* 588, *Nicoll vs. Glennia.*—4 *Inst.* 317.—2 *Phil. Ev.* 125.

Here is no pretence of a joint conversion, unless the demand on one and his refusal was *ipso facto* or *de jure*, a demand and refusal as to both. Had this action been *ex contractu*, a neglect of one would have subjected both. 13 *Mass. Rep.* 295, *Griswold vs. Plumb.*

But being *ex delictu*, the defendants, to be all liable, must all have actually perpetrated the wrong, or directed it to be done. See authorities before, and 13 *East* 197, *May et al. vs. Harvey.*

Whether the visit to the house of one of the defendants was the time when a demand was made on the other, does not appear; but had it been so, the visit there with a view to make a demand would be insufficient to render the person absent a *tort feazer*, however it might subject him to an action on the contract.

A demand to sustain trover, may be sufficient, if left in writing at the defendant's house ; (1 *Es. Ca.* 22, *Logan vs. Houlditch ;* 32, *Thompson vs. Shirley.*—*Clayton* 122.—1 *Gow. N. P.* 69.—2 *Phil. Ev.* 120.—1 *John. Ca.* 406) but as this principle is predicated on the idea that the defendant gets the information and afterwards neglects his duty to restore the property, the demand so made is invalid, unless it was so long before the commencement of the action as to raise a presumption of his return home and of his unwillingness to re-deliver the articles demanded. 6 *East* 538, *M'Combie vs. Davis.*—4 *Es. Ca.* 112.

*Judgment on the Nonsuit.*