PATTEE *v.* GILMORE & a.

A demand by letter, of property bailed and deliverable on demand, is not sufficient of itself; but if the bailee falsely reply that he has never received such property, it is sufficient.

A demand upon a partner, after the dissolution of the firm, is not sufficient to charge another member with conversion of goods delivered to the firm.

If several have joined in the conversion, trover will lie against one of them.

Removing from the State is not alone evidence of the conversion of goods consigned to the party for sale.

TROVER, for seventeen thousand shingles. The defendants were charged as late copartners in trade, under the firm of Gilmore & Pratt, and the conversion alleged took place on the 4th day of October, 1844. The defendants pleaded severally the general issue.

The defendants were copartners, doing business in Concord from May, 1843, till January 1, 1845, upon which day the partnership was dissolved, and a new firm of Gilmore & Clapp formed. Pratt left the State, and Gilmore remained in the new firm, in the same place. The plain-

tiff, in September, 1844, sent twelve thousand shingles to Gilmore & Pratt, to be sold; and in February, 1845, sent five thousand more, which were left at the same place. On the 2d day of August, 1845, the plaintiff's attorney wrote to Gilmore & Pratt at Concord, demanding the shingles; which letter was received by Gilmore, who returned an answer on the 5th day of August, signed, "Joseph A. Gilmore, for Gilmore & Pratt," denying that they "ever had a shingle of Pattee, or any other transaction." No evidence was offered of any other demand upon Pratt, and none other of any conversion by him.

The court instructed the jury that the evidence was not competent to prove a conversion by Pratt, and a verdict was rendered in his favor, to which instruction the plaintiff's counsel excepted.

The court also instructed the jury that the evidence was competent to charge Gilmore, and they returned a verdict against him for the seventeen thousand. To this last instruction the defendant excepted, and moved for a new trial.

*Perley*, for the defendants. There is no legal evidence of the conversion. Pratt never was chargeable with the five thousand delivered after the dissolution of the firm. There was no demand on Gilmore for the shingles, sufficient to charge him in trover. He is not chargeable but as a partner, if at all.

*Kittredge*, for the plaintiff. Gilmore is liable as member of both the firms to whom the shingles were sent. What if the shingles were left for sale? The defendant should have proved that they were sold in pursuance of the instructions, and that would have been an answer to the action. Not showing that, he is liable. 1 Johns. Cas. 406.

If Pratt is liable, he is so on the ground that Gilmore was his agent to close the business. He constituted him

as such in the view of the world. 2 Stark. Ev. 1501. Refusal of a servant to deliver property demanded is the refusal of the master, and evidence of a conversion by him. Besides, no demand was necessary on Pratt, who had left the State. We were not bound to follow him out of the jurisdiction. 7 N. H. Rep. 200.

*Perley,* in reply. The verdict was general, and cannot be apportioned so as to charge the defendant for the twelve thousand and not for the five thousand.

After the dissolution, Gilmore's agency did not exist so as to charge Pratt with a tort. The demand and refusal were evidence of conversion, but were not conversion. You cannot charge Pratt in tort, by evidence of a demand on another.

GILCHRIST, J. This is an action of trover, to recover seventeen thousand shingles. The defendants were partners from May, 1843, until the first of January, 1845.

In September, 1844, the plaintiff sent them twelve thousand shingles, to be sold by them, and in February, 1845, sent five thousand more, which were left at the same place. The first question relates to the liability of Pratt to the plaintiff in an action of trover.

On the 2d of August, 1845, and after the dissolution of the firm of Gilmore & Pratt, the plaintiff's attorney addressed a letter to Gilmore & Pratt, which was received by Gilmore, demanding the shingles. This party answered the letter by another, in which he denied " that they ever had a shingle of the defendant, or any other transaction," and signed the letter, " Joseph A. Gilmore, for Gilmore & Pratt." There was no evidence of any other demand upon Pratt, and there was no other evidence of a conversion.

The demand by letter would of itself be insufficient. It would impose no greater duty on the defendants than

existed before. The fact that a party has in his possession goods deliverable on demand, implies that there is some one to whom the goods are to be delivered. Upon the reception of the letter, the defendant, Gilmore, was not bound to transmit the goods to the plaintiff, and if he had taken no notice of the letter, no liability would have been imposed on him. But he denied having any shingles, and that denial dispensed with the necessity of another demand, for after this it would have been useless to make a demand at any place. The demand made was, therefore, under the circumstances, enough to charge him with the conversion.

At the time when this demand was made no such relation existed between the two defendants as would have enabled Gilmore, by his acts or declarations, to have charged Pratt with a tort. This case does' not raise the question whether a conversion by one partner, of goods consigned to the firm, is in law the tortious act of all the copartners, or whether they are all chargeable in tort, upon evidence that a demand has been made upon one of them, sufficient to have charged him with a conversion of property bailed to him for any purpose. Story on Part., sec. 166. The relation of copartners did not exist between the defendants at the earliest period at which there is any evidence of a conversion, and no relation between them succeeded that of the copartnership, that could give to the acts and declarations of Gilmore the effect supposed. If he had any agency for his former partner, there is no evidence whatever that it extended so far as that.

The doctrine of *White* v. *Demary*, 2 N. H. Rep. 546, seems to be applicable to this case, and to be conclusive as to the insufficiency of the evidence to charge Pratt with the tort. It was there held that where property is bailed to two, trover cannot be maintained against them upon proof of a demand upon one only, and his refusal.

Whether any other party besides Gilmore was charge-

able with the shingles sent after the dissolution of the old firm, and the formation of the connection with Clapp, it is unnecessary to inquire; because there is evidence of a conversion of the property by Gilmore, and it is not necessary in tort to join with him any other, whether a partner or not, who may have participated with him in the commission of it. Story on Part., sec. 167.

The verdict was correctly rendered against Gilmore for the value of both parcels of shingles, and there was no evidence to charge Pratt with the conversion. The mere fact of his having left the State, without other circumstances than the case discloses, is not evidence to prove such a fact.

There must, therefore, be

*Judgment on the verdict.*